AO 106 (REV 4/10) Affidavit for Search Warrant                    AUSA Barry Jonas (312) 613-5200

**FILED**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MAY 31 2020

### UNDER SEAL

THOMAS G. BRUTON

In the Matter of the Search of:         Case Number:  **20 M 276** CLERK, U.S.
DISTRICT COURT

Two cellular telephones, further described in
Attachment A

# APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Heath Parvis, a Special Agent of the Federal Bureau of Investigation, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property or premises:

### See Attachment A

located in the Northern District of Illinois, there is now concealed:

### See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is evidence and instrumentalities.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 231(a)(3) | Interfering with any law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce |
| Title 18, United States Code, Section 2101 | Travel in interstate commerce or use of any facility of interstate commerce, to organize, promote, encourage, participate in, or carry on a riot |

The application is based on these facts:

### See Attached Affidavit,

Continued on the attached sheet.

_____
*Applicant's Signature*

Heath A. Parvis, Special Agent, FBI
Federal Bureau of Investigation
*Printed name and title*

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: May 31, 2020 _____        _____
*Judge's signature*

City and State: Chicago, Illinois _____        REBECCA R. PALLMEYER, U.S. District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT    )
                                )
NORTHERN DISTRICT OF ILLINOIS    )

## AFFIDAVIT

I, Heath A. Parvis, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation. I have been so employed since approximately 2015.

2. As part of my duties as an FBI Special Agent, I investigate criminal violations relating to cybercrimes and national security. I have participated in the execution of multiple federal search warrants.

3. This affidavit is made in support of an application for a warrant to search a Black Samsung Galaxy S9 Serial Number R58M91TXXWK ("**Subject Phone 1**") and a Blue Verizon Kyocera flip phone ("**Subject Phone 2**") ("collectively "the **Subject Phones**") for information described further in Attachment B, concerning travel in interstate commerce or use of any facility of interstate commerce, to organize, promote, encourage, participate in, or carry on a riot, in violation of Title 18, United States Code, Section 2101, and interfering with any law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce, in violation of Title 18, United States Code, Section 231(a)(3) (the "**Subject Offenses**").

4.     The information in this affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence and instrumentalities of a violation of Title 18, United States Code, Sections 231(a)(3) and 2101, are located within the **Subject Phones**.

5.     Title 18, United States Code, Section 231(a)(3) provides, "[w]hoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function" shall be guilty of a federal offense.

6.     Title 18, United States Code, Section 2101 provides, "[w]hoever travels in interstate or foreign commerce or uses any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with intent (1) to incite a riot; or (2) to organize, promote, encourage, participate in, or carry on a riot; or (3) to commit any act of violence in furtherance of a riot; or (4) to aid or abet any person in inciting or participating in, or carrying on a

riot or committing any act of violence in furtherance of a riot" shall be guilty of a federal offense.

## I.     FACTS SUPPORTING PROBABLE CAUSE TO SEARCH THE SUBJECT PHONE

7.     As explained below, on May 31, 2020, during the arrest of Matthew Rupert, a subject in this investigation, law enforcement recovered the **Subject Phones**.

8.     I have reviewed the Facebook Account bearing display name "El Ricco Rupert" with username "ricco.rupert.75" and user ID 100048401743589 (the "Facebook Account"). I believe that this account is operated by Matthew Rupert, a resident of Galesburg, Illinois, based on an interview of Witness 1, who, according to Witness 1, is Rupert's live-in girlfriend.

9.     On or about May 29, 2020 Rupert posted videos during which he indicated that he was in Minneapolis. One video showed Rupert attending the public protest and riot in Minneapolis, Minnesota regarding the May 25, 2020 death of George Floyd. The video depicted Rupert talking about having explosives and offering the explosives to other people to throw at law enforcement officers. In the video, Rupert can be seen wearing white shoes with red tips. Witness 1 described the shoes Rupert was wearing while in Chicago on May 30, 2020 as red and white shoes.

10.     In the video Rupert stated, "There are SWAT trucks up here. They got SWAT trucks up here." He then stated "I've got some bombs" if some of you all want to "throw them back...bomb them back...here I got some more...light it and throw it."

While Rupert was making these statements, it appears that Rupert was recording himself while holding the phone and handing what appears to be a green item with a brown casing and a wick to other people. Rupert also stated, "Light that bitch and throw it at them." In the video, another unknown male lit an explosive and threw it. Rupert also stated, "[h]e's throwing my bombs," "[t]hey're going to bomb the police with them," and "[w]e came to riot boy." Shortly thererafter, an explosion is audible in the video and Rupert repeatedly yelled "Good shot my boy" and "Fuck 12" at law enforcement.

11.     On May 31, 2020, Witness 1 informed me that Rupert traveled with others (but not Witness 1) to Minneapolis in order to "riot."

12.     On or about May 30, 2020, at approximately 9:00 p.m., Rupert made a post on the Facebook Account in which he stated, "Ladies and gentlemen, let me take that back only goons let's go to davenport tonight and riot this mf!!! Let me know who's on board. I got cars." In the comments section of that post, Rupert said that he was headed back to Minneapolis or possibly going to Chicago. Specifically, Rupert stated, "comr with bro Chicago let's go" and "We will be back bro we can loot til 2:30."

13.     On or about May 30, 2020, at approximately 11:02 p.m., Rupert made a post on the Facebook Account that stated, "Omw to Chicago stay tuned 2 hours out."

14.     On or about May 31, 2020, beginning at approximately 1:40 a.m., Rupert posted multiple videos on the Facebook Account that showed that he was in Chicago. Specifically, Rupert can be seen wearing an American flag bandana and a white

baseball style cap, can be seen in the video along with associates walking in the area of Van Buren Street and Dearborn Street. In this video, Rupert can be heard stated words to the effect of "let's start a riot" and "I'm going to start doing some damage." In another video, Rupert and his associates are shown entering a convenience store that had been broken into and placing items in his backpack." In a subsequent video, Rupert makes reference to having a number of boxes of what appear to be tobacco products in his backpack.

15.     At approximately 2:00 a.m., Chicago police officers arrested Rupert and his associates for violating the City of Chicago's emergency curfew order. Incident to his arrest, law enforcement seized two cell phones (the "**Subject Phones**"), which were in Rupert's possession.  Incident to Rupert's arrest, law enforcement also searched Rupert's vehicle, and recovered several large fireworks.

16.     On May 31, 2020, the above-described **Subject Phones** were provided to the FBI by the Chicago Police.

17.     At the time of arrest, data stored on the **Subject Phones**, including videos and photos recorded by Rupert, and text and voice mail messages sent and received by Rupert during the course of the commission of the **Subject Offenses**, were not known.

18.     Based upon my training and experience, I know that cellular phones may contain relevant evidence of the **Subject Offenses**, including videos, pictures, or text messages made or received from the **Subject Phones** that are located in the

memory of the **Subject Phones**, which messages may provide information regarding the identities of, and the methods and means of operation and communication used by, the participants in the **Subject Offenses**. Moreover, digital photographs located in the memory of the **Subject Phones** may contain images of the tools or participants involved in the **Subject Offenses**. Moreover, digital photographs stored in the **Subject Phones** may contain images of the user of the **Subject Phones**, the user's associates (including persons involved in or knowledgeable about the subject offenses), places frequented by the user of the phone leading up to and during the subject offenses, and locations and instrumentalities used in committing the subject offenses. Also, based on my training and experience, I know that cellular telephones can be used to access Facebook accounts.

19. In addition, based on my training and experience, I know that information stored within a cellular phone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored within a cell phone can indicate who has used or controlled the cell phone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, contacts lists, instant messaging logs, and communications (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the cell phone

6

at a relevant time. Further, such stored electronic data can show how and when the cell phone and its related account were accessed or used. Such "timeline" information allows investigators to understand the chronological context of cell phone access, use, and events relating to the crime under investigation. This "timeline" information may tend to either inculpate or exculpate the cell phone account owner.

20.     Additionally, information stored within a cell phone may indicate the geographic location of the cell phone and user at a particular time (*e.g.*, location integrated into an image or video sent via email or text message to include both metadata and the physical location displayed in an image or video). Stored electronic data may also provide relevant insight into the cell phone owner's state of mind as it relates to the offense under investigation. For example, information in the cell phone may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement). Unless this data is destroyed, by breaking the cell phone itself or by a program that deletes or over-writes the data contained within the cell phone, such data will remain stored within the cell phone indefinitely.

21.     Through experience as a law enforcement officer and through the experience of other law enforcement officers as conveyed to me, I have learned that individuals involved in criminal offenses commonly use cellular telephones as a means to communicate. Individuals involved in criminal offenses also often store

telephone numbers and names or nicknames of fellow conspirators on their telephones and the telephones also reflect recent call history. Finally, individuals often use text messaging, digital photographs, and digital videos in furtherance of their criminal activity that are stored on cellular telephones. Because, as explained above, the **Subject Phones** is associated with the target(s) in this case, because there was telephonic communication between participants involved in the **Subject Offenses**, and because, in my experience and in the experience of other agents, defendants use telephones to contact co-conspirators, there is probable cause to believe the **Subject Phones**, described further in Attachment A, contain evidence of violations of the **Subject Offenses**.

## II.    SPECIFICS REGARDING SEARCHES OF ELECTRONIC STORAGE MEDIA

22.    Based upon my training and experience, and the training and experience of specially trained personnel whom I have consulted, searches of evidence from electronic storage media commonly require agents to download or copy information from the electronic storage media and their components, or remove most or all electronic storage media items (*e.g.* computer hardware, computer software, computer-related documentation, and cellular telephones) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

a.    Electronic storage media can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence,

8

he or she often stores it with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored, and it would be generally impossible to accomplish this kind of data search on site.

b.      Searching electronic storage media for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of an electronic storage media system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since electronic storage media evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

23.     In order to fully retrieve data from a computer system, the analyst needs all storage media as well as the computer. The analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard disk drives or on external media).

24. In addition, electronic storage media such as a computer, its storage devices, peripherals, and Internet connection interface may be instrumentalities of the crime(s) and are subject to seizure as such if they contain contraband or were used to carry out criminal activity.

## III. PROCEDURES TO BE FOLLOWED IN SEARCHING ELECTRONIC STORAGE MEDIA

25. Pursuant to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, this warrant will authorize the removal of electronic storage media and copying of electronically stored information found in the premises described in Attachment A so that they may be reviewed in a secure environment for information consistent with the warrant. That review shall be conducted pursuant to the following protocol.

26. The review of electronically stored information and electronic storage media removed from the premises described in Attachment A may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

a. examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B;

b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B (any data that is encrypted and unreadable will

10

not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

       c.      surveying file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth in Attachment B;

       d.      opening or reading portions of files, and performing key word searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B.

## IV.   CONCLUSION

27.   Based on the above information, I respectfully submit that there is probable cause to believe that an offense, in violation of Title 18, United States Code, Section 2101, has been committed, and that evidence and instrumentalities relating to this criminal conduct, as further described in Attachment B, will be found in the Subject Phone, as further described in Attachment A. I therefore respectfully request that this Court issue a search warrant for the **Subject Phones** more particularly described in Attachment A, authorizing the seizure of the items described in Attachment B, pursuant to the protocol described in the addendum to Attachment B.

FURTHER AFFIANT SAYETH NOT.

Heath A. Parvis
Special Agent
Federal Bureau of Investigation

Subscribed and sworn
before me this 31st day of May, 2020

Honorable REBECCA R. PALLMEYER
United States District Judge

12

## <u>ATTACHMENT A</u>

Subject Phone 1 – a Black Samsung Galaxy S9 Serial Number R58M91TXXWK

Subject Phone 2 – a Blue Verizon Kyocera flip phone

## <u>ATTACHMENT B</u>

### LIST OF ITEMS TO BE SEIZED

Evidence and instrumentalities concerning violation of Title 18, United States Code, Sections 231(a)(3) and 2101, as follows:

1.      All items related to rioting or interfering with law enforcement duties.

2.      All items related to explosives, incendiary devices and fireworks.

3.      All items related to the location of the **Subject Phones**, Matthew Rupert, or any individuals who traveled with Rupert beginning on May 28, 2020, and continuing through May 31, 2020.

4.      All items that would tend to identify the user of the **Subject Phones**.

5.      All items related to communications with others pertaining to items 1 through 4 above.

## ADDENDUM TO ATTACHMENT B

Pursuant to Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, this warrant authorizes the removal of electronic storage media and copying of electronically stored information described in Attachment A so that they may be reviewed in a secure environment for information consistent with the warrant. That review shall be conducted pursuant to the following protocol:

The review of electronically stored information and electronic storage media described in Attachment A may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

   a.   examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth in Attachment B;

   b.   searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth in Attachment B (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

   c.   surveying file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth in Attachment B; and

   d.   opening or reading portions of files, and performing key word searches of files, in order to determine whether their contents fall within the items to be seized as set forth in Attachment B.

The government will return any electronic storage media described in Attachment A within 30 days of the removal unless, pursuant to Rule 41(c)(2) or (3) of the Federal Rules of Criminal Procedure, the removed electronic storage media contains contraband or constitutes an instrumentality of crime, or unless otherwise ordered by the Court.

AO 93 (Rev. 11/13) Search and Seizure Warrant

AUSA Barry Jonas, (312) 613-5200

**FILED**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MAY 31 2020

**UNDER SEAL**

In the Matter of the Search of:

Two cellular telephones, further described in
Attachment A

Case Number: **20 M 276**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT
COURT

## SEARCH AND SEIZURE WARRANT

To: Heath Parvis and any authorized law enforcement officer:

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Illinois:

### See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### See Attachment B

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before <u>June 14, 2020</u> in the daytime (6:00 a.m. to 10:00 p.m.).

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the issuing United States Magistrate Judge.

Date and time issued: <u>May 31, 2020</u>    5:46 p.m.

*Judge's signature*

City and State: <u>Chicago, Illinois</u>

<u>REBECCA R. PALLMEYER, U.S. District Judge</u>
*Printed name and title*

AO 93 (Rev. 11/13)  Search and Seizure Warrant (Page 2)

## Return

| Case No: | Date and Time Warrant Executed: | Copy of Warrant and Inventory Left With: |
|---|---|---|
|  |  |  |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 31 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

In the Matter of the Search of:

The cellular telephones, further
described in Attachment A

Case Number:   **20 M 276**

Judge Rebecca R. Pallmeyer

**UNDER SEAL**

## GOVERNMENT'S MOTION TO SEAL
## SEARCH WARRANT, APPLICATION, AND AFFIDAVIT

Now comes the UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR.,
United States Attorney for the Northern District of Illinois, and states as follows in
support of its Motion to Seal Search Warrant, Application, and Affidavit:

On the 31st day of May, 2020, the government applied for a Search Warrant in
this matter, and submitted an Application and Affidavit in support. The Search
Warrant Affidavit details the facts supporting probable cause to believe that evidence
concerning violations of Title 18, United States Code, Sections 231 and 2101, will be
found within the **Subject Phone**.

The government will continue its investigation after execution of the Search
Warrant, and disclosure of the Application and Affidavit would jeopardize the
investigation by disclosing the details of facts known to investigators, the identities
of witnesses, and the investigative strategy. For the foregoing reasons, the
government respectfully requests that the Search Warrant, Application, and
Affidavit be sealed for 180 days from the date of this Order, until November 27, 2020,

except as necessary to facilitate the enforcement of criminal law, including the execution of the search warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:       *s/Barry Jonas*
Barry Jonas
Assistant United States Attorney
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 469-6306

DATE: May 31, 2020

2

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 31 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

In the Matter of the Search of:

The   cellular   telephones,   further
described in Attachment A

Case Number:   **20 M 276**

Judge Rebecca R. Pallmeyer

**UNDER SEAL**

## ORDER

The UNITED STATES OF AMERICA by its attorney, JOHN R. LAUSCH, JR.,

United States Attorney for the Northern District of Illinois, having moved this Court

to Seal the Search Warrant, Application, and Affidavit, and having demonstrated

good cause in support of its motion, specifically, that disclosure of the Search

Warrant, Application, and Affidavit would jeopardize the investigation by disclosing

the details of facts known to investigators, the identities of witnesses, and the

investigative strategy.

IT IS HEREBY ORDERED THAT the Search Warrant, Application, and

Affidavit be kept under seal for 180 days from the date of this Order, until November

27, 2020, or until further order of the court, which may include extensions of the seal

upon a showing of good cause.

This Order does not prohibit law enforcement personnel from disclosing the search warrant as necessary to facilitate the enforcement of criminal law, including the execution of the warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties.

ENTER:

REBECCA R. PALLMEYER
United States District Judge

DATE: May 31, 2020

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SEALED ORDER**

In response to the Coronavirus COVID-19 public emergency, this Court has, by General Order 20-0012, extended deadlines in all civil and criminal cases by 21 days. To clarify the application of this order to Miscellaneous cases, it is hereby ORDERED:

In all Miscellaneous cases, all deadlines, whether set by the court, or by the Rules of Criminal Procedure or Local Rule, are hereby extended 21 days from the current deadline set. Any further extension that may be entered by General Order will have the effect of extending dates in Miscellaneous cases as well.

The Clerk is directed to docket this order in each Miscellaneous Case that is suppressed and has a pending seal order with an expiration date.

ENTER:

REBECCA R. PALLMEYER
United States District Judge

Dated at Chicago, Illinois this 23rd day of March, 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Search of: | **UNDER SEAL** |
| Two cellular telephones, further described in Attachment A | Case No.: 20 M 276 |
| | Chief Judge Rebecca R. Pallmeyer |

**GOVERNMENT'S MOTION TO UNSEAL**
**SEARCH WARRANT, APPLICATION, AND AFFIDAVIT**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby moves for the entry of an order commanding the Clerk of the United States District Court for the Northern District of Illinois to unseal the Search Warrant, Application, and Affidavit issued in this matter on May 31, 2020.

In support of its motion, the government states as follows:

1. On May 31, 2020, the government applied for a Search Warrant in this matter, and submitted an Application and Affidavit in support. The Search Warrant Affidavit details the facts supporting probable cause to believe that evidence and instrumentalities concerning interference with any law enforcement officer lawfully engaged in in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce, in violation of Title 18, United States Code, Section 231(a)(3); and travel in interstate commerce, or use of any facility of interstate commerce, to organize, promote, encourage, participate in, or carry on a riot, in violation of Title 18, United States Code, Section 2101.

2.      On that same date, this Court granted the government's motion to seal the Search Warrant, Application, and Affidavit for 180 days, until November 27, 2020.

3.      On June 1, 2020, Matthew Rupert was charged by criminal complaint in the District of Minnesota with violations of Title 18, United States Code, Sections 231(a)(3) and 2101 and Title 26, United States Code, Sections 5845(f), 5861(d), and 5871.  R. 1.[1]  Defendant was arrested in the Northern District of Illinois pursuant to the complaint on June 1, 2020.

4.      In order to comply with the government's obligations to produce discovery pursuant to Rule 16 of the Federal Rule of Criminal Procedure, the government respectfully requests that the Court enter an order commanding the Clerk of the United States District Court for the Northern District of Illinois to unseal the Search Warrant, Application, and Affidavit issued in this matter.

WHEREFORE, the government respectfully requests that the Search Warrant, Application, and Affidavit issued in this matter on May 31, 2020 be unsealed.

Respectfully submitted,

JOHN R. LAUSCH
United States Attorney

By:    */s/ Barry Jonas*
BARRY JONAS
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
Dated: June 1, 2020                     (312) 886-8027

---

[1] Citation to the electronic record in the removal proceedings before this Court, *United States v. Matthew Rupert*, 20 CR 254, are to "R.," followed by the document number.

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Search of: | **UNDER SEAL** |
| Two cellular telephones, further described in Attachment A | Case No.: 20 M 276 |
| | Chief Judge Rebecca R. Pallmeyer |

**O R D E R**

The United States of America, by and through it attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, having moved this Court for the entry of an order commanding the Clerk of the United States District Court for the Northern District of Illinois to unseal the Search Warrant, Application, and Affidavit issued in this matter on May 31, 2020;

IT IS HEREBY ORDERED THAT the Clerk of the United States District Court for the Northern District of Illinois shall unseal the Search Warrant, Application, and Affidavit issued in this matter on May 31, 2020.

ENTER:

_____
REBECCA R. PALLMEYER
Chief Judge
United States District Court
Northern District of Illinois

Dated: June 1, 2020